UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH UNCAPHER,

        Petitioner,

v.                                                  Case Number: 08-CV-10583
                                                   Honorable John Corbett O'Meara

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING PETITIONER'S REQUEST TO STAY HIS HABEAS-CORPUS
PROCEEDINGS AND ADMINISTRATIVELY CLOSING THE CASE AND
GRANTING REQUEST TO WITHDRAW COUNSEL**

I.

Pending before the Court is Petitioner Kenneth Uncapher's motion requesting that the Court stay his habeas proceedings until he has had an opportunity to return to state court with newly discovered evidence, which may establish his actual innocence for the crimes for which he has been convicted, thereby complying with the exhaustion requirements of 28 U.S.C. § 2254. (Dkt. # 10.) Petitioner is also requesting that his attorney be removed from the case; Petitioner's attorney also filed a motion to withdraw. (Dkt. # 11 & 14.)

Petitioner, a state inmate currently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, through counsel, filed a petition for a writ of habeas corpus with this Court on February 8, 2008, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) Petitioner was convicted of one count of first-degree premeditated murder, MICH.COMP. LAWS § 750.316(1)(a), and one count of second-degree murder, MICH.COMP. LAWS § 750.317, by a Wayne County, Michigan, circuit court jury. On October 3, 2002, he was

sentenced to concurrent terms of life imprisonment for the first-degree- premeditated-murder conviction and twenty-five to fifty years imprisonment for the second-degree-murder conviction. Respondent filed an answer to the petition on August 18, 2008. (Dkt. # 5.) Rule 5 materials were filed on February 19, 2009 and on April 10, 2009. (Dkt. # 8-9.) For the reasons set forth below, the Court shall grant Petitioner's motion to stay the habeas-corpus proceedings so that he may return to state court to exhaust his claim. The Court also grants the request for Attorney Michael Skinner to withdraw from the case.

II.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to

prove exhaustion. *Rust*, 17 F.3d at 160. Here, it appears that Petitioner has not exhausted his state-court remedies regarding his newly-discovered evidence claim.

On February 8, 2008, Petitioner filed his habeas petition containing all exhausted claims. Since filing the petition, Petitioner has discovered a new unexhausted federal constitutional claim of merit; Petitioner alleges that he can demonstrate that he is actually innocent of the crimes for which he was convicted on the basis of his mental state at the time. In his motion, Petitioner states that he did not present the newly- discovered-evidence claim to either the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner is therefore requesting a stay because he would like to give the state courts the first opportunity to correct that claim. In the event that he is unsuccessful in the state courts, then Petitioner would like to join that claim with his currently already exhausted claims for adjudication in this federal habeas-corpus proceeding. Petitioner asks this Court to exercise its authority and hold his petition for writ of habeas corpus in abeyance. Having considered the matter, the Court finds that it is appropriate to stay this case.

A federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id.* 276. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's

unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id.* at 277.

In this case, Petitioner has shown the need for a stay. It appears that his claim, involving the newly discovered evidence, is not exhausted and that the one-year limitations period applicable to habeas actions could pose a problem if this Court were to dismiss the petition to allow further exhaustion of state remedies. *See* 28 U.S.C. § 2244(d)(1).

Furthermore, Petitioner's claim does not appear to be "plainly meritless." *Rhines*, 544 U.S. at 277. Petitioner contends that he did not previously raise that claim in the state courts due to his lack of knowledge of the information. The Court finds there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust his habeas claim.

### III.

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state-court remedies as to the claim contained in his motion. Rather than dismiss the petition, the Court **GRANTS** Petitioner's request to stay his habeas-corpus proceedings and **STAYS** this action so that Petitioner can fully exhaust state-court remedies as to his newly-stated evidence claim. The stay is conditioned on Petitioner presenting his unexhausted claim to the state courts within sixty days of this order if he has not already done so. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within sixty days of exhausting state remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in

*Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)).  Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

Additionally, the Clerk of the Court is ordered to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of Petitioner's claims.

Petitioner's request to have Attorney Michael Skinner withdraw from the case and Attorney Michael Skinner's motion to withdraw are **GRANTED**.  (Dkt. ## 11 & 14.)

**SO ORDERED**.

 s/John Corbett O'Meara
 United States District Judge

Date:  December 10, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 10, 2009, using the ECF system and/or ordinary mail.

 s/William Barkholz
 Case Manager