**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KENNETH UNCAPHER,

Petitioner,

v.

MARY BERGHUIS,

Respondent.

_____/

Case No. 5:08-CV-10583

HONORABLE JOHN CORBETT O'MEARA

UNITED STATES DISTRICT COURT JUDGE

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF**
**APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Kenneth Uncapher, ("Petitioner"), confined at the Richard A. Handlon
Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his
conviction for one count of first-degree murder, M.C.L.A. 750.316; and one count of
second-degree murder, M.C.L.A. 750.317.  Because the Court concludes that the present
petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. §
2244(b)(3), the Court will transfer the matter to the Court of Appeals so that petitioner
may seek permission to proceed.

**I.  Background**

Petitioner was convicted in 2002 of one count of first-degree murder and one count
of second-degree murder following a jury trial in the Wayne County Circuit Court.
Petitioner's conviction was affirmed on appeal. *People v. Uncapher*, No. 246222, 2004

1

WL 790329 (Mich. Ct. App. Apr. 13, 2004); *lv. den.* 471 Mich. 901; 688 N.W. 2d 89

(2004); *cert. den. sub. nom Uncapher v. Michigan,* 544 U.S. 930 (2005).  Petitioner then

filed a post-conviction motion for relief from judgment, which was denied by the trial

court. *People v. Uncapher*, No. 01-014257-01 (Wayne Cnty. 3rd Cir. Ct. Crim. Div. April

10, 2007).   The Michigan appellate courts denied petitioner leave to appeal. *People v.*

*Uncapher,* No. 281084 (Mich.Ct.App. December 19, 2007); *lv. den.* 482 Mich. 892, 753

N.W.2d 151 (2008).

On February 8, 2008, petitioner, through counsel Michael F. Skinner, filed a

petition for writ of habeas corpus, which was filed under the above case number and

assigned to this Court.  In his habeas application, petitioner sought relief on claims that he

had raised either on his direct appeal or in his post-conviction motion with the state

courts. (Dkt. # 1).  This Court ordered the respondent to file an answer by August 18,

2008. (Dkt. # 2).

While this petition was pending in this Court, petitioner filed a *pro se* petition for

writ of habeas corpus in the United States District Court for the Western District of

Michigan, in which he also challenged his 2002 convictions for first and second-degree

murder out of the Wayne County Circuit Court.  The petition was summarily denied

pursuant to Rule 4 of the Rules Governing § 2254 Cases.  The court also denied petitioner

a certificate of appealability. *See Uncapher v. Michigan*, No. 1:08-CV-457, 2008 WL

2945951 (W.D. Mich. July 28, 2008)(adopting Report and Recommendation of

Magistrate Judge).

Respondent filed an answer to the petition in this case on August 18, 2008. (Dkt. # 5).

On November 16, 2009, petitioner moved for a stay of the proceedings so he could return to the state courts to file a second motion for relief from judgment based on newly discovered evidence.  On November 24, 2009, petitioner's attorney moved to withdraw as counsel.  On December 10, 2009, this Court granted the motion to stay the proceedings, granted the motion to withdraw as counsel, and administratively closed the case. (Dkt. # 15).

Petitioner returned to the state courts and filed a second motion for relief from judgment, which the trial court denied. *People v. Uncapher*, No. 01-014257-01 (Wayne Cnty. 3rd Cir. Ct. Crim. Div. Jan. 13, 2011).  The Michigan appellate courts denied petitioner leave to appeal. No. 304009 (Mich.Ct.App. Aug. 16, 2011); *lv. den.* 490 Mich. 972, 806 N.W.2d 521 (2011).

On January 23, 2012, petitioner filed a motion to lift the stay of proceedings and a motion to amend or correct the habeas petition. (Dkt. # 24).  On February 25, 2012, this Court granted the motion to lift the stay and the motion to amend the habeas petition.  The Court ordered respondent to file an answer to the amended petition. (Dkt. # 25).  On April 3, 2012, respondent filed an answer to the amended habeas petition. (Dkt. # 29).

## II.  Discussion

The Court transfers the case to the United States Court of Appeals for the Sixth

3

Circuit because petitioner's current habeas petition, as discussed below, amounts to a second or successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Hervey v. United States,* 105 F. Supp. 2d 731, 735 (E.D. Mich. 2000)(citing *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 735-36; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a habeas petition challenging his 2002 murder

4

convictions, which was denied on the merits by the Western District of Michigan.[1]

Although petitioner filed a petition in this case prior to filing his petition in the Western

District, petitioner's original habeas petition that was filed in Case # 5:08-CV-10583 in

2008 would not count as his "first petition," for purposes of 28 U.S.C. § 2244(b)(3)(A),

because petitioner superseded this initial habeas petition when he filed his amended

habeas petition with this Court in 2012. *See Calhoun v. Bergh,* 769 F.3d 409, 411 (6th

Cir. 2014); *petition for cert filed*, No. 14–7246 (U.S. Nov. 7, 2014).  "An amended

complaint supersedes an earlier complaint for all purposes." *Id.,* at 410 (quoting *In re*

*Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013)).  This

rule applies to habeas cases. *Id.*  The only petition pending before this Court now is

petitioner's amended habeas petition that was filed in 2012. *Id.,* at 410-11.  Because the

Western District of Michigan adjudicated petitioner's habeas petition on the merits prior

to the filing of the amended habeas petition in this case, petitioner's current amended

habeas petition is a second or successive petition that would require authorization from

the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

      Petitioner has previously filed a habeas petition with the federal courts.  Although

petitioner would not have been required to obtain a certificate of authorization following

the dismissal of his petition if it had been dismissed without prejudice on exhaustion

---

[1]  Although neither party informed this Court of petitioner's 2008 habeas petition in the Western District of Michigan, the Court learned about the case while searching Westlaw's website to obtain citations for petitioner's state court appeals, See www.westlaw.com.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

5

grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's

habeas petition in the Western District of Michigan was dismissed on the merits.

Petitioner's current habeas petition is a second or successive petition for a writ of

habeas corpus and he is therefore required to obtain a certificate of authorization.

Although neither party raised the issue of this being a second or successive petition, it is

appropriate for this Court to consider the issue *sua sponte* because subject matter

jurisdiction goes to the power of the courts to render decisions under Article III of the

Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III.  Conclusion

Petitioner has not obtained the  appellate authorization to file a subsequent petition

as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of

the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit

pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


s/John Corbett O'Meara
United States District Judge

Date:  February 24, 2015


I hereby certify that a copy of the foregoing document was served upon the parties
of record on this date, February 24, 2015, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager