UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH UNCAPHER,

                        Case No. 5:08-CV-10583

Petitioner,           HONORABLE JOHN CORBETT O'MEARA
v.                    UNITED STATES DISTRICT COURT JUDGE

MARY BERGHUIS,

Respondent.
_____/

## OPINION AND ORDER DENYING THE MOTION FOR RELIEF FROM JUDGMENT FILED PURSUANT TO RULE 60(b)

Kenneth Uncapher, ("Petitioner"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for one count of first-degree murder and one count of second-degree murder. After determining that this was a successive challenge by petitioner to these convictions, the Court transferred the case to the United States Court of Appeals for the Sixth Circuit for petitioner to obtain authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive petition for writ of habeas corpus. *Uncapher v. Berghuis*, No. 5:08-CV-10583, 2015 WL 778035 (E.D. Mich. Feb. 24, 2015). The United States Court of Appeals for the Sixth Circuit subsequently denied petitioner permission to file a successive habeas petition. *In Re Uncapher,* No. 15-1239 (6th Cir. Sept. 8, 2015). Petitioner then filed a motion with the Sixth Circuit to authorize the filing of a second habeas petition, which was denied. *In Re Uncapher,* No. 16-1846 (6th Cir. Feb. 15, 2017).

Petitioner has now filed a motion for relief from judgment, in which he argues that

1

this Court, and by implication, the Sixth Circuit, erred in treating his current habeas petition as a successive habeas petition because petitioner's earlier 2008 habeas action was misfiled as a habeas petition by the United States District Court for the Western District of Michigan, when petitioner had not intended to file that case as a habeas petition but as a motion for writ of jurisdiction brought pursuant to 28 U.S.C. § 1311, 22 U.S.C. § 611 and 101. Petitioner argues that the Western District erred in recharacterizing this action as a habeas petition filed under 28 U.S.C. § 2254 without giving petitioner prior notice of their intent to do so, thus, petitioner's first action should not count as a habeas petition that would render petitioner's current petition a second or successive habeas petition. Petitioner asks this Court to vacate its earlier order and adjudicate the claims raised in his petition.

A district court lacks the authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 F. App'x. 312, 313-14 (6th Cir. 2001). Therefore, this Court is without authority to grant petitioner relief pursuant to Fed.R.Civ.P. 60(b) from the Sixth Circuit's refusal to grant petitioner permission to file a successive habeas petition. *See Sullivan v. Sherry,* No. 2007 WL 2571966, * 1 (E.D. Mich. Sept. 5, 2007). Petitioner made the Sixth Circuit aware in his motion for authorization that he had filed his action in the Western District of Michigan under 28 U.S.C. § 1311, 22 U.S.C. § 611, 612, and 4 U.S.C. § 101 and that the Western District had recharacterized his action as a habeas petition brought under 28 U.S.C. § 2254 before

2

dismissing it. See *In Re Uncapher,* No. 16-1846, Dkt. # 1, p. 14, ¶¶ 2 and 3. By denying petitioner's motion for authorization, the Sixth Circuit clearly rejected petitioner's argument. This Court cannot revisit the argument or reinstate the habeas petition.

## ORDER

**IT IS ORDERED** that the motion for relief from judgment [Dkt. # 41] is **DENIED.**

s/John Corbett O'Meara<br>United States District Judge

Date: April 21, 2017

 

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 21, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager